UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:                                                                    Bankruptcy No. 23-30416

Bryant Portable Welding, Inc.,                                Chapter 11, Subchapter V

　　　　　　　　Debtor.
_____/

**ORDER CONFIRMING DEBTOR'S CONSENSUAL FIRST AMENDED PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11**

Debtor Bryant Portable Welding, Inc. filed its Plan of Reorganization under Subchapter V of Chapter 11 on February 7, 2024, and served it with notice of confirmation hearing and related deadlines on February 9, 2024.  Docs. 57, 59.  Ally Bank and John Deere Construction & Forestry Company d/b/a John Deere Financial filed objections.  On March 25, 2024, Debtor filed its First Amended Plan of Reorganization under Subchapter V of Chapter 11.  Doc. 72.  The First Amended Plan addresses Ally Bank's and John Deere's objections and incorporates the terms of the stipulation between Ally Bank and Debtor.  See Docs. 72, 74, 75.  Debtor also revised dates and descriptions in the First Amended Plan, but Debtor did not materially modify the terms and provisions specifically applicable to other interested parties.

Other than the revisions to which Ally Bank and John Deere consented, the Court finds that the revisions in the First Amended Plan do not materially or adversely affect the substantive rights of creditors and other interested parties who received notice of the original plan.  Accordingly, the Court finds cause for granting Debtor's Motion for Deemed Acceptance of the First Amended Plan of Reorganization Under Subchapter V of Chapter 11 Pursuant to Bankruptcy Rule 3019.  Debtor's Motion [Doc. 69] is granted.

Based on the First Amended Subchapter V Plan [ Doc. 72], the plan exhibits, and other documents filed in this case, the Court finds:

1. The First Amended Plan includes a brief history of Debtor's business operations, a liquidation analysis and projections showing Debtor's ability to make payments under the plan. Under the First Amended Plan, administrative expenses will be paid in full on the effective date of the plan.

2. The First Amended Plan and the proponent of the First Amended Plan comply with the applicable provisions of Chapter 11.

3. Debtor is making its best efforts and has proposed the Amended Subchapter V Plan in good faith and not by any means forbidden by law.

4. Debtor disclosed the identity and role of insiders, Tamara and Roy Bryant.

5. The liquidation analysis and other evidence establishes that, with respect to each impaired class, each holder of an Allowed Claim has voted to accept the Amended Subchapter V Plan, deemed to have accepted the plan or will receive under the plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtor liquidated its assets on the Effective Date under Chapter 7 of the Bankruptcy Code. As a result, the requirements of 11 U.S.C. § 1129(a)(7) and (8) are satisfied.

6. The First Amended Plan complies with 11 U.S.C. § 1129(a)(9) and (10).

7. Debtor's cash flow projections establish Debtor will generate earnings or other income sufficient to meet its needs and make its proposed payments over the term of the plan. Accordingly, the plan

is feasible, and confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization. The plan provides for appropriate remedies in the event Debtor fails to make all the payments under the plan.

8. The term of the First Amended Subchapter V Plan is reasonable and appropriate under the circumstances.

9. The First Amended Subchapter V Plan is a consensual plan.

10. Based on the terms of the plan, Debtor will act as disbursing agent. The Subchapter V Trustee shall perform the other duties listed in section 1183(b).

11. The First Amended Plan meets the other applicable requirements of 11 U.S.C. §§ 1129(a) and 1191.

12. The Court is not bound by legal conclusions included in the First Amended Plan.

Accordingly, IT IS ORDERED that Debtor's First Amended Plan of Reorganization under Subchapter V of Chapter 11 [Doc. 72] is CONFIRMED under 11 U.S.C. § 1191(a). Pursuant to 11 U.S.C. § 1141, Debtor's debts, through entry of this order, are discharged immediately to the extent allowed under the Bankruptcy Code.

IT IS ALSO ORDERED that Debtor shall file and serve a notice of substantial consummation as required by 11 U.S.C. § 1183(c)(2).

Dated: March 29, 2024.

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

Copy served March 29, 2024, to Attorney Erik A. Ahlgren for service.